IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VONDA SUE HUSTEAD                                                                    PLAINTIFF

v.                    Civil No. 3:23-cv-03048-TLB-MEF

BENJAMIN BURNETT,
Public Defender; and
JANE OR JOHN DOE,
Secretary to Benjamin Burnett                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Vonda Sue Hustead, has filed civil rights action under 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), the Court has the obligation to screen any complaint brought by a litigant proceeding *in forma pauperis*.

### I.   BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff has a criminal case pending in Newton County and was charged with contempt of court in connection with that case. *Id.* at 2-3, 11. Plaintiff says she was incarcerated because of the contempt charge. *Id.* at 2-3.

Defendant, Benjamin Burnett, had been appointed to represent Plaintiff in the criminal case. (ECF No. 1 at 3, 11). Plaintiff says she was court ordered to provide Defendant Burnett with disclosures, but he "did not take my written statement to use as my defense." *Id.* at 3-4. Defendant Burnett advised her that he did not need the statement because her speedy trial date was

coming up and he did not believe the crime lab would have the results on time. *Id.* at 4. In fact, Plaintiff says he did not even read her statement. *Id.* at 11. Plaintiff contends her failure to provide Defendant Burnett with disclosures is what resulted in her being charged with contempt of court. *Id.* at 4. As a result, her criminal case was postponed. *Id.* at 11. Plaintiff also asserts this resulted in her speedy trial rights being violated. *Id.* at 11.

With respect to Defendant Burnett's secretary, Plaintiff alleges the secretary hung up on her several different times on different dates when she was attempting to set up appointments to see Defendant Burnett. (ECF No. 1 at 4, 11).

As relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 12). She indicates what while she was incarcerated, she was in a psychotic state, thrown to the floor, pepper sprayed, and her ribs and sternum were cracked. *Id.*

## II. LEGAL STANDARD

Under § 1915(e)(2), the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible

2

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded … to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A public defender does not act under color of law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) ("The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation"). No plausible claim is stated against Defendant Burnett.

Further, no plausible claim is stated against his secretary who merely answered the phone in his office. Being rude to someone does not violate the constitution.

## IV.   CONCLUSION

For these reasons, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

**Status of the Referral:   The Referral is Terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of January 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE